IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALEJANDRO RODRIGUEZ-ORTIZ, | § § § | No. 278, 2021 |
| Defendant Below, Appellant, | § § § | |
| v. | § § § | Court Below–Superior Court of the State of Delaware |
| STATE OF DELAWARE, | § § | |
| Plaintiff Below, Appellee. | § § § | Cr. ID No. 0810017618(N) 0905024913(N) |

Submitted:  September 16, 2021
Decided:  September 24, 2021

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## <u>ORDER</u>

After careful consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    On September 3, 2021, the appellant, Alejandro Rodriguez-Ortiz, filed a notice of appeal from the Superior Court's July 15, 2021 order denying his motion for postconviction relief.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before August 16, 2021.[1]

---

[1] Because the thirtieth day fell on a Saturday, the notice of appeal was due the next business day, or Monday, August 16, 2021. Del. Supr. Ct. R. 11(a).

(2)     On September 7, 2021, the Senior Court Clerk issued a notice directing Rodriguez-Ortiz to show cause why his appeal should not be dismissed as untimely filed.  In his response to the notice to show cause, Rodriguez-Ortiz alleges that he failed to file a timely notice of appeal because of delays at the prison law library.

(3)     Time is a jurisdictional requirement.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[4]  Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[5]

(4)     There is nothing in the record that reflects that Rodriguez-Ortiz's failure to file a timely notice of appeal in this case is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *See Smith v. State*, 47 A.3d 481 (Del. 2012).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice